IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TOMMY LEE HAMBERLIN, # 42740                              PETITIONER

VS.                                CIVIL ACTION NO. 5:10cv90-DCB-MTP

CHRISTOPHER EPPS, et al.                                     RESPONDENTS

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on a Motion [9] to Dismiss Pursuant to 28 U.S.C. § 2244(d), or Alternatively, Pursuant to 28 U.S.C. § 2254(b), filed by Respondents. Having considered the submissions of the parties, all documents made a part of the record of this case and applicable law, the undersigned recommends that the motion be granted and that Petitioner Henry Hyland's Petition [1] for Writ of Habeas Corpus be dismissed with prejudice.

### FACTS AND PROCEDURAL HISTORY

Petitioner pled guilty to two counts of possession of a controlled substance in the Circuit Court of Warren County, Mississippi, and by order filed February 7, 2007, he was sentenced to consecutive terms of seven and eight years, to be served in the custody of the Mississippi Department of Corrections. *See* Exh. A to Motion to Dismiss. Petitioner did not file a direct appeal.[1] Petitioner filed the instant Petition on or about May 13, 2010.[2] Respondents contend

---

[1] Direct appeals are statutorily prohibited when a defendant enters a guilty plea. *See* Miss. Code Ann. § 99-35-101. The Mississippi Supreme Court has, however, carved out an exception, allowing a defendant to appeal an illegal sentence. *See Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977).

[2] Under the "mailbox rule," Hamberlin's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to this court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Hamberlin's habeas petition was signed on May 13, 2010, but was not stamped "filed" until May 18, 2010. Thus, "in the absence of evidence to the contrary," the court assumes that the date Petitioner signed his pleading - May 31, 2010 - was the date he submitted it to prison authorities for filing. *Rebardi v. Cain*, 2009 WL 1787702, at * 5 n.

that the Petition was not timely filed and, therefore, it should be dismissed pursuant to 28 U.S.C. § 2244(d). In the alternative, Respondents argue that the Petition should be dismissed for failure to exhaust available state court remedies, pursuant to 28 U.S.C. § 2254(b).

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that a petitioner seeking federal habeas relief file his petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435, 436 (5th Cir. 2003). As noted *supra*, while there is a statutory prohibition to direct appeals from guilty pleas, Petitioner could have appealed an alleged illegal sentence within thirty days of the sentencing order. *See Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977); *see also Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Rampage v. Thorton*, 2007 WL 1087485, at * 2 (S.D. Miss. Mar. 15, 2007). Petitioner was sentenced on February 7, 2007. Accordingly, Petitioner's conviction became final, and the statute of limitations for federal habeas purposes began to run, thirty (30) days later - on March 9, 2007. Pursuant to 28 U.S.C. § 2244(d)(1)(A), therefore, Petitioner had until March 10, 2008[3] to

---

6 (W.D. La. June 18, 2009); *see also Lewis v. Cain*, 2009 WL 2407951, at * 3 n.12 (E.D. La. Aug. 4, 2009) ("For purposes of applying the mailbox rule in this case, Lewis's signature date is presumed to be the earliest date on which he could have presented the pleading to prison officials for mailing...."); *U.S. v. Bryant*, 2009 WL 1913259, at * 1 n.3 (S.D. Tex. July 1, 2009) (construing section 2255 petition as filed on date petitioner claimed to have signed it, rather than later postmark date); *Morris v. Banks*, 2007 WL 4375218, at * 3 (N.D. Miss. Dec. 13, 2007) ("[g]iving the petitioner the benefit of the doubt by using the earlier date [of signature]", rather than date filed in court, in determining timeliness of habeas petition); *Brown v. Quarterman*, 2007 WL 3145065, at * 3 n.4 (N.D. Tex. Oct. 26, 2007) ("the Court assumes the petition was placed in the prison mail system on...the date on which Petitioner signed the same.").

[3] As March 9, 2008 fell on a Sunday, Petitioner would have had until Monday, March 10, 2008 to file his habeas petition.

2

file his federal habeas petition. Hamberlin filed his petition, at the earliest, on May 13, 2010, approximately two years and two months after the federal statute of limitations expired. Thus, the petition is barred by the statute of limitations unless Petitioner is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between Hamberlin's judgment becoming final on March 9, 2007 and the filing of his petition on May 13, 2010 is first determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the limitations period during the time in "which a properly filed application for State post-conviction" remains pending.

The record reflects that Petitioner filed a motion for post-conviction relief in the Circuit Court of Warren County on May 9, 2007,[4] which was denied by Order filed July 11, 2007. *See* Exhs. B & C to Motion to Dismiss. Petitioner appealed to the Mississippi Supreme Court and on November 25, 2008, the Mississippi Court of Appeals[5] affirmed the decision in a written opinion. *See* Exh. D to Motion to Dismiss. Petitioner concedes that he did not file a motion for rehearing or a petition to the Mississippi Supreme Court for certiorari review. *See* Response [9] at 1. Accordingly, Petitioner's motion for post-conviction relief was pending - and the limitations period was tolled - for a period of 566 days, making Hamberlin's federal habeas

---

[4] Mississippi follows the "mailbox rule" with respect to motions for post-conviction relief filed by *pro se* prisoners. *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000). The Fifth Circuit has held that application of the "mailbox rule" to state court filings is a matter of state law which the federal courts will respect. *Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006). Hamberlin's motion for post-conviction relief was signed on May 9, 2007. *See* Exh. B to Motion to Dismiss. The court will give Petitioner the benefit of the doubt and assume that his motion for post-conviction relief was delivered to prison officials on the same day it was signed.

[5] The Mississippi Supreme Court may assign any appeal to the Court of Appeals, except with certain exceptions not applicable here. *See* Miss. Code Ann. § 9-4-3.

3

petition due on or before September 28, 2009 (March 9, 2008 + 566 days).[6]

In response to the Motion to Dismiss, Petitioner argues he is legally blind, that he lacks knowledge of legal procedure and cannot conduct his own legal research because of his blindness, and that he received inadequate assistance from the prison law library. *See* Response [9] at 1-2. He avers that he was only recently able to find someone to help him file his federal habeas petition. *See* Petition at 14.

The Fifth Circuit has held that under certain limited circumstances, an inadequate prison law library may constitute a state created impediment to toll AEDPA's statute of limitations. *Id.* at 439. Specifically, "a state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement, in this case a copy of the very statute that is being used to render [petitioner's] petition time-barred, constitutes an 'impediment' for purposes of invoking § 2244(d)(1)(B)." *Id.* at 438-39; *see also id.* at 438 ("The absence of *all* federal materials from a prison library (without making some alternative arrangements to apprise prisoners of their rights) violates the First Amendment right, through the Fourteenth Amendment, to access to the courts.") (emphasis added). Petitioner does not allege that there were no federal materials in the prison law library available to him during the relevant period, nor does he allege that he was not provided with a copy of AEDPA and, therefore, the state-created impediment exception does not apply. Nor would Petitioner's alleged lack of access to legal materials be sufficient to justify equitable tolling.[7] *See*, *e.g.*, *Scott v. Johnson*, 227 F.3d 260, 263, n.3 (5th Cir. 2000) (stating that

---

[6] As the 566th day fell on a Saturday, September 26, 2009, Petitioner would have had until Monday, September 28, 2009, to file his habeas petition.

[7] Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). It is permitted only "in rare and exceptional circumstances." *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citation

4

an inadequate law library is not a "rare and exceptional" circumstance that warrants equitable tolling). Moreover, "[i]t is well-settled that equitable tolling is not warranted merely because a petitioner proceeds pro se and is not well versed in the law." *Bishop v. Quarterman*, 2007 WL 1567095, at * 4 (S.D. Tex. May 29, 2007) (citing *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000)).

A prisoner who suffers from a physical ailment may be entitled to equitable tolling if he can prove that the condition prevented him from timely filing his petition. *See Demik v. U.S.*, 2009 WL 2365247, at * 2 (N.D. Tex. July 21, 2009) (citation omitted); *see also Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). However, Petitioner has failed to make such a showing. First, the court notes that other than Petitioner's averments, there is no evidence before the court to establish that he is, in fact, legally blind, or that the "severity or duration of [his condition] prevented [him' from pursuing his legal rights."[8] *See Demik*, 2009 WL 2365247, at * 3 (rejecting petitioner's claim - based solely on "self-serving testimony at the evidentiary hearing" - that physical ailments prevented him from timely filing his habeas petition); *Abbott v. Adams*, 2008 WL 2038861, at * 6 (C.D. Cal. May 7, 2008) (no equitable tolling based on alleged physical disability where petitioner "offer[ed] no evidence to support his contentions.").

Further, Petitioner fails to explain how his inability to obtain specific legal materials prevented him from timely filing his habeas petition. *See Demik*, 2009 WL 2365247, at * 2; *see also Abbott*, 2008 WL 2038861, at * 6 (inability to walk to law library not grounds for equitable

---

omitted); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Even excusable neglect will not suffice. *Ott*, 192 F.3d at 514. The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

[8] Petitioner states that he "has proper paper work to show he is declared legally blind." *See* Response [9] at 1. However, he has not submitted this paperwork to the court.

tolling where prisoner "failed to show or otherwise explain how lack of access to his legal materials made it impossible for him to timely file a federal habeas petition."). Petitioner was, in fact, able to file a state post-conviction motion during the time period when he was allegedly legally blind.[9] *See* Exh. B to Motion to Dismiss. Moreover, the claims presented by Petitioner in the instant Petition appear to be the same as those set forth in his state motion for post-conviction relief.[10] *See* Petition; Exh. B to Motion to Dismiss. Thus, Petitioner has failed to establish that he required access to the law library in order present his habeas claims. *See Abbott*, 2008 WL 2038861, at * 6 (finding it "clear that petitioner did not require his case file or access to the law library to present his claims, where claims in habeas petition were identical to those raised by petitioner in direct appeal); *see also Santiago v. Miller*, 180 F.Supp. 2d 471, 474 (S.D.N.Y. 2001) (refusing to equitably toll based on petitioner's legal blindness where arguments in habeas petition were previously briefed on direct appeal and other prior motions and, therefore, "these documents were available to help him create a proper habeas petition.").

Accordingly, as Petitioner's habeas petition was filed approximately eight months after the deadline had passed, and as he has failed to establish that he is entitled to either statutory or

---

[9] Although Petitioner does not explain in his Petition or Response when he became legally blind, in his motion for post-conviction relief he states that "due to a 1997 stroke, and glaucoma, I'm unable to see." *See* Exh. B to Motion to Dismiss at 6.

[10] In the motion for post-conviction relief, Petitioner argued that his attorney misled him regarding the sentences he would receive and, therefore, his guilty pleas were involuntary, and he also requested an evidentiary hearing. *See* Exh. B to Motion to Dismiss. In the instant habeas petition, Petitioner's claim in Ground One is ineffective assistance of counsel, based on the fact that "trial counsel had Petitioner to [sic] lie to court and mislead him on his guilty pleas," his claim in Ground Two is "The court erred by not holding evidentiary hearing," and his claim in Ground Three is "guilty plea was not made voluntary [sic]." *See* Petition at 6-9. Petitioner appears to concede that the claims are the same when he states in his Response that he "has already presented to the lower court and supreme court an articulated basis and substance for his federal constitutional claims." *See* Response at 4.

equitable tolling, the petition is barred by section 2244(d).  Having found that the petition is barred and should be dismissed with prejudice, the court declines to reach Respondents' alternative argument that the Petition should be dismissed without prejudice for failure to exhaust available state court remedies.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Respondents' Motion [9] to Dismiss Pursuant to 28 U.S.C. § 2244(d), or Alternatively, Pursuant to 28 U.S.C. § 2254(b) be granted and that Tommy Lee Hamberlin's Petition [1] for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 10th day of August, 2010.

s/ Michael T. Parker
United States Magistrate Judge